Opinion by
John N. Mabry.*
*56 For the second time within two years the City Council of La Junta denied La Junta E-Z Shop, Inc. a license to sell 3.2 beer at its retail grocery store near the outskirts in the City of La Junta. By this writ of error, E-Z Shop seeks the reversal of a judgment of the district court affirming the Council’s latest action in this regard.
The litigants are-aligned here as in the district court and will be designated as plaintiff or applicant and as Council or defendants.
On August 17 the La Junta City Council held an extensive public hearing on the application at which time the members considered written petitions, letters, cards and other exhibits in favor of and against the granting of the application. At the same time and place two witnesses — the president of E-Z Shop, Inc. and its La Junta Manager — testified for, and approximately twenty-five witnesses spoke against the granting of the application. During a three and a half-hour session, the council members considered, and discussed with the witnesses and among themselves the fact that there were seven 3.2 beer outlets within or on the outlying fringes of La Junta; the proximity of the proposed 3.2 beer outlet to Otero State Junior College and the widely known Koshare Indians headquarters, considered other characteristics of the neighborhood proposed to be served and primarily deliberated upon the requirements of the neighborhood, the desires of the inhabitants of the area, and other valid aspects of the situation before them.
The meeting was adjourned to September 21 at which meeting the council in a two-page combined findings and resolution unanimously determined that considering the requirements of the neighborhood' and the desires of the inhabitants of the area, the application of E-Z Shop, Inc. for 3.2 beer license should be denied. Accordingly, the license was denied.
A proceeding in the nature of certiorari for review *57 of the City Council’s action was heard before the district court. At the close of the hearing, the court entered findings of fact, conclusions of law and judgment in which the following, inter alia, was stated: “Under Rule 106(4) R.C.P., the function of this court is to determine whether the respondents have exceeded their jurisdiction or abused their discretion. “In Commission v. Salardino, 138 Colo. 66 at page 70, the Supreme Court has said: Another source of guidance for the Board in performing its duties as licensing authority are the numerous pronouncements of this court, not all of which are easy of reconciliation. However, three principles pervade all of our pertinent decisions: (1) the licensing authorities are vested with a very wide discretion; (2) all reasonable doubts as to the correctness of the Board’s rulings are to be resolved in fqvor of the Board; (3) the determination of the Board will not be disturbed by the courts unless it appears that the Board has ‘abused its discretion.’ ”
The trial court further found that the City Council considered the reasonable requirements of the neighborhood' to be served and the desires of the inhabitants of the area and that the Council had legitimate reasons for its actions and did not abuse its discretion or exceed its authority in denying the license. It thereupon entered judgment affirming the action of the City Council in denying the application.
The record clearly shows that there was ample evidence to support the findings and decision of the City Council, and to sustain the trial court’s findings and judgment.
The judgment of the trial court is approved as correctly stating the procedural and substantive law of this State on the subject matter at bar.
The judgment is affirmed.
Mr. Chief Justice Moore, Mr. Justice Pringle and Mr. Justice Hodges concur.

Retired District Judge sitting under assignment by the Chief Justice under provisions of Article VI, Section 5(3) of the constitution of Colorado.